F I L E D
United States Court of Appeals
Tenth Circuit

JUN 1 1999

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

EDISON SAMUELU SCOTT,

      Defendant-Appellant.

No. 98-4150

(D.C. No. 96-CR-282-01)

(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **BALDOCK**, and **HENRY**, Circuit Judges.[**]

Evidence of "other crimes" committed by a defendant is not admissible at trial "to show action in conformity therewith," but may be admissible for "other purposes" including proof of identity. Fed. R. Evid. 404(b). The question in this appeal is whether the district court erred by admitting evidence at trial of Defendant's prior bank robbery to establish his identity in a subsequent bank robbery.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(A)(2). The case is therefore ordered submitted without oral argument.

## I.

Authorities charged Defendant Edison Samuelu Scott with three counts of armed bank robbery, in violation of 18 U.S.C. § 2113(a)(d), and one count of carrying and using a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c).  The bank robberies occurred on November 26, 1996, December 4, 1996, and July 14, 1997.  Defendant pled guilty to the November 26 and December 4 bank robberies, as charged in Counts I and II of the indictment.  A jury subsequently convicted Defendant of the July 14 bank robbery and the accompanying firearm offense, as charged in Counts III and IV of the indictment.  The district court sentenced Defendant to concurrent ninety-five month terms of imprisonment on each of the three armed bank robbery counts, and a consecutive sixty month term of imprisonment on the firearm count.

## II.

Defendant's sole argument on appeal is that the district court improperly permitted the government to introduce evidence at trial of Defendant's November 26, 1996, bank robbery to prove Defendant's identity as the perpetrator of the July 14, 1997, bank robbery.  Defendant contends that the similarities between the two robberies were insufficient to justify admission of evidence relating to the November 26 bank robbery.  Our jurisdiction arises under 28 U.S.C. § 1291.  We review the district court's decision to admit this "other crimes" evidence under Rule 404(b) for an abuse of discretion, United States v. Shumway, 112 F.3d 1413, 1419 (10th Cir. 1997), and affirm.

2

A.

Rule 404(b) provides in relevant part that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b). In <u>United States v. Huddleston</u>, 485 U.S. 681 (1988), the Supreme Court set forth four requirements for the admission of similar acts evidence under Rule 404(b). First, the government must offer the evidence for a proper purpose as required by the plain language of Rule 404(b). Second, the evidence must be relevant as required by Rule 402. Third, the potential for unfair prejudice to defendant may not substantially outweigh the probative value of the evidence as required by Rule 403. Fourth, as required by Rule 105, the district court must, upon request, instruct the jurors that they may consider the similar acts evidence only for the proper purpose for which it was admitted. <u>Id</u>. at 691-92.

We most recently applied the <u>Huddleston</u> requirements in <u>United States v. Shumway</u>, 112 F.3d 1413 (10th Cir. 1997). <u>Shumway</u> involved the looting of the same archaeological site seven years apart. We upheld the admission of evidence that Defendant had looted the site seven years earlier to establish his identity as the culprit of the later offense. We stated:

> We have held that to prove identity, evidence of prior illegal acts need not be identical to the crime charged, so long as, based on a "totality of the

3

comparison," the acts share enough elements to constitute a "signature quality.". . . [A] few highly unique factors may constitute a "signature," while a number of lesser unique factors although insufficient to generate a strong inference of identity if considered separately, may be of significant probative value when considered together.

Id. at 1420.  See also United States v. Patterson, 20 F.3d 809 (10th Cir. 1994) (upholding admission of prior hijacking evidence); United States v. Morgan, 936 F.2d 1561 (10th Cir. 1991) (upholding admission of prior bank robbery evidence).

B.

Our review of the record in this case reveals that the Rule 404(b) evidence relating to Defendant's November 26, 1996, bank robbery satisfied each of the four Huddleston requirements, and thus the district court did not abuse its discretion in admitting such evidence.  First, the November 26 bank robbery involved several similarities to the July 14 bank robbery, and was therefore probative on the question of the perpetrator's identity. Both robberies occurred at the First Security Bank on Atherton Drive in Salt Lake City just eight months apart.  A lone masked robber described as a male Polynesian with physical characteristics similar to Defendant committed both robberies.  On each occasion, the robber brandished a weapon in his left hand.  On each occasion, the robber provided a back pack to the teller.  When the teller returned the back pack to the robber, he told the teller to put more money in the pack, but then grabbed the pack and fled.  On each occasion, the robber fled in a stolen vehicle which was parked in the same area outside the bank.  Perhaps most significantly, both vehicles were found in the same

4

remote location at a mobile home trailer park some distance from the bank. These facts, though not particularly unique when considered separately, certainly bear a "signature quality" when considered together. See Shumway, 112 F.3d at 1420. Thus, the evidence of the November 26 bank robbery meets Huddleston's first two requirements–the government offered the evidence for a proper and relevant purpose.

The third requirement of Huddleston is also satisfied. The district court properly concluded that the probative value of the evidence outweighed its prejudicial effect. The district court has broad discretion in making this Rule 403 determination. "Evidence of prior bad acts will always be prejudicial, and it is the trial court's job to evaluate whether the guaranteed risk of prejudice outweighs the legitimate contribution of the evidence." Patterson, 20 F.3d at 814.

Finally, the fourth Huddleston requirement similarly was met as the district court gave an appropriate limiting instruction to the jury immediately prior to the "other crimes" evidence and in its final charge to the jury before deliberations. See Morgan, 936 F.2d at 1573.

AFFIRMED.

Entered for the Court,


Bobby R. Baldock
Circuit Judge

5